## Johnson Estate

*George L. Fenner, Sr.*, for claimant.

*Michael H. Sheridan*, for respondent.

SELECKY, P. J., June 4, 1958.—George L. Fenner, Sr., Esq., an attorney admitted to the practice of law at this bar, obtained a citation on February 25, 1958, upon the Wyoming National Bank of Wilkes-Barre, and Howard Y. Johnson, as executors of the estate of Mary A. Johnson, to show cause why they should not pay over to said George L. Fenner, Sr., the sum of $761.66, as his one half of the attorney's fee due in said estate. Howard Y. Johnson, one of the executors, filed an answer to the effect that his coexecutor, the bank, retained said amount of the fee, and was still retaining said amount as of March 7, 1958, when said answer was filed. The bank did not file an answer,

but did issue an attachment execution against itself and Howard Y. Johnson, as executors of the estate of Mary A. Johnson, deceased, as garnishees, based upon a judgment held by said bank against George L. Fenner, Sr., and counsel agreed, prior to said attachment and at the argument, that said attachment should be considered the answer of the bank, that is, that the Wyoming National Bank of Wilkes-Barre, as executor, was prevented from making payment of said funds to said attorney by virtue of said attachment execution.

The facts in this case are not disputed, they being that said Wyoming National Bank of Wilkes-Barre and Howard Y. Johnson had their account as such executors audited and adjudicated on February 5, 1957, in which audit, filed February 14, 1957, this court indicated as follows:

"7. That at audit no claims were presented and the accountants know of no unpaid creditors."

The executors' account, which was confirmed absolutely on February 5, 1957, showed, as a credit, under date of November 6, 1956, the following:

"Attorney fees (George L. Fenner, Sr., and Henry Greenwald) ........................ $1,523.32"

Until the citation obtained by George L. Fenner, Sr., on February 25, 1958, from this court upon the executors to show cause why said attorney fee should not be paid, no further action was taken. Section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, gives the orphans' court exclusive jurisdiction of:

"1. Decedents' estates. The administration and distribution of the real and personal property of decedents' estates": 20 PS §2080.301.

Section 751 of the same act provides: "Compliance with an Order or Decree of the Court may be enforced by—

"1. Attachment of the person; . . .

"4. Attachment execution": 20 PS §2080.751.

An examination of the account filed by the executors in this case, as above referred to, reveals that the executors took credit for said amount of attorney's fees as though it had already been paid to said attorney. This court has always indicated that no credit should be taken in executors' accounts unless said amounts were actually expended. This is especially required by Supreme Court Orphans' Court Rule 1, of section 6, which provides as follows:

"Accounts shall conform to the following Rules:

"A. The dates of all receipts and disbursements . . . and the persons to whom disbursements are made and the purpose thereof shall be stated."

The executor, after claiming credit for these disbursements, under this rule, is estopped from coming into this court, or into the court of common pleas, by indicating that said disbursements were not made, and then issuing an attachment execution against itself, as executor, as an answer to the citation for payment issued by this court.

Since the executor and the bank are one and the same institution, the question of the jeopardy of double payment will not arise, because when the executor abides by the rule of this court, it can very easily dissolve the attachment execution it caused to be issued, entered to no. 512, May term, 1958.

Parenthetically, our local court of common pleas, in the recent case of In re Appointment of Viewers, etc., no. 64, December term, 1955, held that an attorney's fee was not attachable, following the case of Bell v. Roberts, 150 Pa. Superior Ct. 469.

Accordingly, we enter the following

*Decree*

That the Wyoming National Bank of Wilkes-Barre and Howard Y. Johnson, executors, are directed to

pay to George L. Fenner, Sr., the sum of $761.66, the attorney's fees due in the above captioned estate, for services rendered, and for which credit was already taken as though paid in the account of said executors, and that no petition for discharge by said executors will be entertained by this court until said payment is made.